# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 15-0763V
Filed: October 19, 2017
UNPUBLISHED

| | |
|---|---|
| MARY JO MALEPORT,<br><br>               Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>               Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs |

*Mark T. Sadaka*, Attorney at Law, Englewood, NJ, for petitioner.
*Robert P. Coleman, III*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey**, Chief Special Master:

On July 21, 2015, Mary Jo Maleport ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*, (the "Vaccine Act").[2] Petitioner alleged that she suffered brachial neuritis and a shoulder injury related to vaccine administration ("SIRVA") as a result of receiving the tetanus-diphtheria-acellular pertussis ("Tdap") vaccine on or about July 31, 2012. The case was assigned to the Special Processing Unit ("SPU") of the Office of Special Masters.

On March 20, 2017, the undersigned issued a decision based on the parties' joint stipulation, awarding petitioner $30,000.00 in damages. Decision, issued Mar. 20, 2017 (ECF No. 48). On June 25, 2017, petitioner filed a motion for attorneys' fees and costs, along with two exhibits in support of her motion. *See* Motion for Attorneys' Fees and Costs ("Motion"), filed June 25. 2017 (ECF No 52). Petitioner requests $28,537.78 in

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

attorneys' fees and $1,164.12 in costs, for a total amount of $29,701.90.  *Id.* at 1; Exhibit A (ECF No. 52-1); Exhibit B (ECF No. 52-2).  In compliance with General Order #9, petitioner filed a signed statement indicating she incurred no out-of-pocket expenses.  (ECF No. 43).

I.   **Relevant Procedural History**

Petitioner requests an award of $28,537.78 in attorneys' fees (including fees for three attorneys and three paralegals) and $1,164.12 in costs.  The motion included time and expense sheets, as well as a supporting statement ("certification") from petitioner's counsel, Mark T. Sadaka, providing background information on himself and the members of his staff.  *See* Motion at 3-7; Exhibits A and B.

Respondent filed a response on July 10, 2017, deferring to the undersigned to determine a reasonable amount of fees and costs.  *See* Response ("Resp't's Resp."), filed July 10, 2017 (ECF No. 53).  Petitioner did not file a reply.

After reviewing petitioner's motion and supporting documentation, and giving full consideration to the arguments set forth in the parties' briefs, the undersigned is ready to decide this matter.

II.   **Discussion**

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation.  42 U.S.C. § 300aa-15(e)(1).  Petitioner in this case was awarded compensation; she is therefore entitled to an award of reasonable attorneys' fees and costs.[3]

A.   **Attorneys' Fees**

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008).  Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  *Id.* at 1347–58 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).  Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings.  *Id.* at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  *See Savin v. Sec'y of*

---

[3] In addition, § 300aa–15(e)(3) states that "[n]o attorney may charge any fee for services in connection with a petition filed under section 300aa-11 of this title which is in addition to any amount awarded as compensation by the special master or court under paragraph (1)."  This would include any amounts requested by counsel that the undersigned finds non-compensable.

2

*Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cl. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009).

An application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable. *Bell v. Sec'y of Health & Human Servs.*, 18 Cl. Ct. 751, 760 (1989); *Rodriguez v. Sec'y of Health & Human Servs.*, 2009 WL 2568468 (Fed. Cl. Spec. Mstr. July 27, 2009). Petitioners bear the burden of documenting the fees and costs claimed. *Rodriguez*, 2009 WL 2568468, at *8. Block billing, or billing large amounts of time without sufficient detail as to what tasks were performed, is clearly disfavored. *See, e.g.*, *Broekelschen v. Sec'y of Health & Human Servs.*, 2008 WL 5456319, at *4-5 (Fed. Cl. Spec. Mstr. Dec. 17, 2008).

In determining a reasonable number of hours expended, a line-by-line evaluation of the fees application is not required. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl.Ct. 482, 484, *aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993). Special masters may rely on their experience with the Vaccine Act and its attorneys to determine the reasonable number of hours expended. *Id.* Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests .... [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

### 1. Reasonableness of Hourly Rates

Petitioner requests compensation for Mr. Sadaka at a rate of $337.05 per hour for time billed in 2012 and 2013; $350 per hour for 2014 and 2015; $362.95 per hour for 2016; and $376.38 per hour for 2017. Motion at 2; Exhibit A at 22. These rates have been evaluated and awarded to Mr. Sadaka in other Vaccine Act cases. *See, e.g.*, *Valles v. Sec'y of Health & Human Servs.*, No. 15-0007V, 2017 WL ------- (Fed. Cl. Spec. Mstr. Aug. 4, 2017); *Willett v. Sec'y of Health & Human Servs.*, 2017 WL 3298983 (Fed. Cl. Spec. Mstr. June 2, 2017); *Siciliano v. Sec'y of Health & Human Servs.*, 2017 WL 1174449 (Fed. Cl. Spec. Mstr. Feb. 21, 2017). The requested rates are awarded herein.[4]

Petitioner also requests compensation for Anna C. Sweeney and Andrew Pinon, associate attorneys in Mr. Sadaka's firm. The rates requested for Ms. Sweeney are $192.60 per hour for time billed in 2013; $200 per hour for 2014; and $207.40 per hour

---

[4] Petitioner's application includes requested rates for years in which certain attorneys and staff members did not bill time in this case. The undersigned will only address rates for the years in which individuals billed time.

for 2015. The requested rate for Mr. Pinon is $207.40 per hour for 2015 and 2016. Motion at 2; Exhibit A at 22. The rates requested were awarded previously in the cases cited above, and the undersigned awards them herein.

Finally, petitioner requests compensation for three paralegals, Keri Congiusti, Melina Fotiou, and Latashia Vauss Motion at 1-2; Exhibit A at 22. The rates requested were also awarded previously in the cases cited above, and the undersigned awards them herein.

### 2. Reasonableness of Requested Hours

Petitioner requests compensation for 43.5 attorney hours, of which 28.5 were billed by Mr. Sadaka, 6.5 by Ms. Sweeney, and 8.5 by Mr. Pinon. Paralegal hours billed in this case total 111.8. Exhibit A at 22. The undersigned has thoroughly reviewed the billing records; however, a line-by-line evaluation of the fee application is not required, and will not be performed. *See Wasson*, 24 Cl.Ct. at 484. Instead, as discussed above, special masters may rely on their experience to determine the reasonable number of hours expended. *Id.* Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests .... [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

In the undersigned's experience, the amount billed relating to "medical records" in this case is excessive.[5] Petitioner's counsel billed more than 43 hours of paralegal time for work that was in some way related to "medical records" (i.e., requesting, receiving, reviewing, filing, and creating/revising a chronology), generating nearly $6,000.00 in fees. *See* Exhibit A at 1-21.[6] This is in addition to the attorneys' work involving medical records. *Id.* The undersigned finds this to be an inordinate amount of time for the volume of records filed in this case and the nature of petitioner's injury.

In light of the foregoing, the undersigned reduces petitioner's overall fees request by 10 percent.[7] **This adjustment results in a reduction of $2,853.78.**

---

[5] This issue has been identified in other cases involving Mr. Sadaka's office. *See, e.g.*, *Valles*, No. 15-0007V, 2017 WL ------- (Fed. Cl. Spec. Mstr. Aug. 4, 2017); *Willett*, 2017 WL 3298983 (Fed. Cl. Spec. Mstr. June 2, 2017).

[6] Based on the undersigned's review and calculations, paralegals Keri Congiusti and Latashia Vauss together billed 43.5 hours of time for work related to "medical records," totaling $5,884.00 in fees.

[7] *See, e.g.*, *Helton v. Sec'y of Health & Human Servs.*, 2017 WL 4020452 (Fed. Cl. Spec. Mstr. Aug. 28, 2017) (reducing fee award by 25 percent); *Valles*, No. 15-0007V, 2017 WL ------- (Fed. Cl. Spec. Mstr. Aug. 4, 2017) (reducing fee award 10 percent); *Willett*, 2017 WL 3298983 (Fed. Cl. Spec. Mstr. June 2, 2017) (reducing fee award by 20 percent); *Raymo v. Sec'y of Health & Human Servs.*, 2016 WL 7212323 (Fed. Cl. Spec. Mstr. Nov. 2, 2016) (reducing fee award by 20-40 percent), *mot. for rev. denied*, 129 Fed. Cl. 691 (2016); *Barry v. Sec'y of Health & Human Servs.*, 2016 WL 6835542 (Fed. Cl. Spec. Mstr. Oct. 25, 2016) (reducing fee award by 10 percent); *Ericzon v. Sec'y of Health & Human Servs.*, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (reducing fee award by 10 percent).

### B. Attorneys' Costs

Petitioner requests reimbursement for attorney costs in the amount of $1,164.12. The undersigned finds no cause to reduce the request and awards the full amount.

### III. Conclusion

The undersigned awards petitioner the following for attorneys' fees and costs:

| | |
|---|---:|
| Requested attorneys' fees: | $28,537.78 |
| Reductions (10% for billing issues) | - 2,853.78 |
| **Adjusted Fees Total:** | **$25,684.00** |
| | |
| Requested attorneys' costs: | $1,164.12 |
| Reductions | - 0.00 |
| **Adjusted Costs Total:** | **+ $1,164.12** |
| | |
| **Total Attorneys' Fees and Costs Awarded:** | **$26,848.12** |

**Accordingly, the undersigned awards a total of $26,848.12,[8] representing reimbursement for all attorneys' fees and costs, in the form of a check jointly payable to petitioner and petitioner's counsel, Mark T. Sadaka.**

The clerk of the court shall enter judgment in accordance herewith.[9]

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Chief Special Master

---

[8] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[9] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.